IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 04-cv-01961-LTB-CBS

SANFORD LEE HERTZ,

Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Colorado corporation, and
THE LUZENAC GROUP, a French corporation,

Defendants.

AND

LUZENAC AMERICA, INC., a Colorado corporation,

Counterclaim Plaintiff,

v.

IMI FABI, LLC, a North Carolina corporation, and
LANE LIGHTHART, an individual,

Third Party Defendants.

AND

LANE LIGHTHART, an individual,

Third Party Defendant and Counterclaim Plaintiff,

v.

LUZENAC AMERICA, INC., a Colorado corporation,

Third Party Defendant.

ORDER

Luzenac America, Inc. ("Luzenac"), a defendant in this case, amended its counterclaims against the plaintiff, Sanford Lee Hertz, to include third-party claims against IMI Fabi, LLC, alleging intentional interference with prospective business advantage, intentional interference with contractual relationships, misappropriation of trade secrets, conversion, civil theft, unjust enrichment, and civil conspiracy, all allegedly in violation of Colorado law. IMI Fabi has moved pursuant to Fed. R. Civ. P. 12(b)(2) for dismissal for lack of personal jurisdiction. The motion is adequately briefed and oral arguments would not materially aid its resolution. For the reasons stated below, I GRANT the motion.

Because IMI Fabi has contested the Court's jurisdiction, Luzenac has "the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Id*.

In resolving factual questions,

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well-pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Id* (citations omitted).

## I. Allegations

The factual allegations of Luzenac's third-party claims are as follows.

Luzenac, a Colorado corporation operating primarily in Centennial, Colorado, sells talc products. Luzenac employed Mr. Hertz before 1998, when it terminated his employment. During his employment, Mr. Hertz had access to proprietary information, which he agreed in writing to keep confidential.

Among the information Luzenac disclosed to Mr. Hertz were the formula and process for manufacturing a product known as 604AV. Between 1994 and 2001, Luzenac manufactured the product under the name Mistron 604AV. Since 2001, Van Horn Metz, Inc. ("Van Horn") has by agreement with Luzenac manufactured 604AV under the name VHM 604AV. Van Horn has a license from Luzenac, has agreed to purchase a main ingredient from Luzenac, and has assigned all proprietary claims to Luzenac. The agreement between Luzenac and Van Horn forbids Van Horn from disclosing to third parties any proprietary or confidential information it has received from Luzenac.

In 2001, Mr. Hertz allegedly approached IMI Fabi, offering to share the information he had obtained from Luzenac about 604AV. In July 2002, Mr. Hertz and IMI Fabi allegedly entered into a consulting agreement, pursuant to which Mr. Hertz enabled IMI Fabi to develop a product called Genera VS160A ("Genera"), which is nearly identical to, and designed using confidential information about, 604AV. In exchange, IMI Fabi allegedly promised Mr. Hertz a commission on sales of Genera. Mr. Hertz is alleged to have informed IMI Fabi what components are found in 604AV, contacted for IMI Fabi suppliers of the components, instructed IMI Fabi in the machinery and processes requisite to fabrication, and assisted in packaging and

marketing the resulting product, Genera. Mr. Hertz also allegedly supplied to IMI Fabi information about prospective customers and prepared packets of information for purchasers. IMI Fabi then allegedly solicited customers of Luzenac and Van Horn. Luzenac alleges that Mr. Hertz resides in Illinois.

## II. Evidence of jurisdiction

The parties have presented competing affidavits and documentary evidence, which shows the following.

IMI Fabi has provided the declaration of Scott Baker, its General Manager. Mr. Baker affirms that IMI Fabi, a North Carolina corporation with its principal place of business in West Virginia, processes and sells talc and treated talc products at its facilities in Benwood, West Virginia and Natural Bridge, New York. IMI Fabi sells its products in Canada and several United States, but not in Colorado. IMI Fabi has no customers in Colorado and does not market its products here. It maintains no offices and owns no property in Colorado and is not qualified to do business in the State. None of IMI Fabi's distributers sell or market IMI Fabi products in Colorado.

Mr. Baker concedes the arrangement with Mr. Hertz. Mr. Hertz under the consulting agreement helped IMI Fabi develop Genera. Though Genera is similar to 604AV, it is made with a different base talc and "is considered by many in the industry to be a superior product." Declaration of Scott A. Baker, 2. When he entered into the consulting agreement with IMI Fabi, Mr. Hertz represented to IMI Fabi that he had no reason to believe that any information he would provide was protected by patent or was a trade secret or proprietary information. Mr. Hertz on various occasions traveled to the IMI Fabi facilities in West Virginia and New York.

No IMI Fabi employees traveled to Colorado to further the development of Genera. Mr. Baker is familiar with Van Horn, which he says is located in Pennsylvania.

Luzenac has provided (sealed) documents concerning the relationship between Mr. Hertz and IMI Fabi, consisting of a confidentiality agreement; the consulting agreement; a series of e-mails between Mr. Hertz and Patrick Carr, a Vice President of IMI Fabi; minutes of a September 5, 2002 meeting involving Mr. Hertz and various representatives of IMI Fabi; other written communications; and excerpts from the depositions of Mr. Hertz, Mr. Baker, and Barrett C. Fisher III of Van Horn.

The confidentiality agreement, dated April 12, 2002, is between Sanford Hertz & Associates ("SHA"), by its President, Mr. Hertz, and IMI Fabi, by Mr. Carr. Mr. Hertz entered into the consulting agreement, dated July 30, 2002, with IMI Fabi in his individual capacity. Both agreements identify the location of SHA as Aurora, Colorado. The confidentiality agreement provides that any disputes arising under it shall be governed by Colorado law and resolved in state or federal courts in Colorado. The consulting agreement is governed by the laws of the State of West Virginia.

Mr. Hertz in his deposition revealed that he had verbal communications with representatives of IMI Fabi during his negotiations with IMI Fabi. The sites at which those conversations occurred is not revealed. Likewise, neither the meeting minutes, written on IMI Fabi stationary, nor Mr. Hertz's later memorandum reveals the location of the September 5, 2002 meeting. The e-mails detail negotiations between Mr. Hertz and IMI Fabi that preceded their collaboration.

Luzenac has provided additional evidence tending to show that IMI Fabi desired to

develop a product comparable to 604AV and that it retained Mr. Hertz to that end. Because that evidence does not bear on IMI Fabi's alleged contacts with Colorado, I surmise that Luzenac invites me to exercise jurisdiction based upon the purported strength of its claims. I disregard this evidence for the purposes of this motion.

### III.  Discussion

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Because I find and conclude that I have no jurisdiction over IMI Fabi under the laws of Colorado, I will not reach the constitutional question.

Colorado's long-arm statute permits the Court to exercise jurisdiction over any person who, either in person or through an agent, engages in one of certain enumerated acts. Colo. Rev. Stat. § 13-1-124(1). Luzenac submits as a proposed basis for jurisdiction IMI Fabi's dealings with Mr. Hertz while Mr. Hertz was in Colorado. By these, Luzenac argues, IMI Fabi committed a tortious act in Colorado and caused Luzenac to suffer injuries in Colorado. Colo. Rev. Stat. § 13-1-124(1)(b).

Specific personal jurisdiction may arise if a defendant has purposefully directed its activities toward the forum state and if the lawsuit is based upon injuries that arise out of or relate to the defendant's contact with the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). To establish specific personal jurisdiction under Colorado law, Luzenac must demonstrate that 1) IMI Fabi availed itself of the privilege of acting

in Colorado or of causing important consequences in Colorado, 2) the cause of action arises from the consequences in Colorado of IMI Fabi's activities, 3) IMI Fabi's activities or the consequences of those activities must have a substantial enough connection with Colorado to make the exercise of jurisdiction over IMI Fabi reasonable. *Waterval v. District Court In and For El Paso County*, 620 P.2d 5, 9 (Colo. 1980), *cert. denied*, 452 U.S. 960, 101 S. Ct. 3108, 69 L. Ed. 2d 971 (1981); *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1271 (Colo. 2002).

IMI Fabi did not avail itself of the privilege of acting in Colorado or of causing important consequences in Colorado. Though Luzenac characterizes Mr. Hertz as IMI Fabi's "agent," the communications of which it has provided evidence all concern negotiations between Mr. Hertz and IMI Fabi that preceded the consulting relationship. Luzenac alleges that Mr. Hertz now resides in Illinois. It does not allege, and has provided no evidence to suggest, that Mr. Hertz performed any actions as IMI Fabi's agent while in Colorado. Nor has it provided any evidence that IMI Fabi has directed any development or marketing efforts toward Colorado. IMI Fabi did not send representatives to Colorado and it conducted its purportedly offending conduct in West Virginia and New York. The uncontroverted evidence is that IMI Fabi did not direct toward Colorado any activities upon which Luzenac might ground a claim.

*Broadview Financial, Inc. v. Entech Management Services Corp.*, 859 F. Supp. 444 (D. Colo. 1994), which Luzenac cites, is inapposite. Any tort that IMI Fabi committed became actionable, if at all, as a result of deeds IMI Fabi and Mr. Hertz performed in West Virginia and New York and not in Colorado. Similarly, *First Entertainment, Inc. v. Firth*, 885 F. Supp. 216 (D. Colo. 1995) and *Hafen v. Strebeck*, 338 F. Supp. 2d 1257 (D. Utah 2004) are of no assistance

to Luzenac. IMI Fabi did not direct any communications to Luzenac in Colorado and Luzenac does not suggest that it relied upon IMI Fabi's communications to Mr. Hertz.

Luzenac concedes that its alleged economic losses here in Colorado are insufficient to confer on a court sitting in Colorado jurisdiction over IMI Fabi. *Amax Potash Corp. v. Trans-Resources, Inc.*, 817 P.2d 598, 600 (Colo. Ct. App. 1991); *Wenz*, 55 F.3d at 1508. It nevertheless argues that, because it developed 604AV in Colorado, IMI Fabi's development of Genera constituted theft of a trade secret in Colorado. The fortuity of Luzenac's location, however, has no bearing on the direction of IMI Fabi's allegedly tortious conduct. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079-1080 (10th Cir. 1995). Furthermore, at the time that IMI Fabi began marketing Genera, Luzenac had assigned its rights in 604AV to Van Horn, which conducts its business in Pennsylvania. Taking all of Luzenac's allegations as true and considering all of the evidence it has provided, I find no basis for concluding that IMI Fabi stole any trade secrets in Colorado. Rather, IMI Fabi developed Genera in West Virginia and New York and Mr. Hertz provided assistance in those states.

Luzenac claims entitlement to the expenses it incurred, in Colorado, to develop and market 604AV. It cites *Julius Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977 (Colo. 1951), *cert. denied*, 342 U.S. 870, 72 S. Ct. 113, 96 L. Ed. 654 (1951) and *Mineral Deposits Ltd. v. Zigan*, 773 P.2d 606 (Colo. App. 1988). Those cases stand for the rule that, in addition to compensation for the plaintiff's lost profits, a defendant who misappropriates trade secrets must surrender the profits he realized from his tortious conduct. *Mineral Deposits*, 773 P.2d at 608, *citing*, *Jet Spray Cooler, Inc. v. Crampton*, 385 N.E.2d 1349 (Mass. 1979). That measure of damages represents a policy judgment that unfair competitors should not be allowed to profit by their

wrongful methods. *Jet Spray Cooler*, 385 N.E.2d at 1356. It does not measure any injury IMI Fabi might have caused in Colorado and so could not serve as a basis of jurisdiction.

Luzenac's argument that IMI Fabi agreed with Mr. Hertz to be haled into court in Colorado is easily answered: Luzenac's claims do not arise out of the forum selection clause in the confidentiality agreement between Mr. Hertz and IMI Fabi.

Finally, Luzenac has alleged that Mr. Hertz and IMI Fabi conspired together. Mr. Hertz's contacts with Colorado may be attributed to IMI Fabi for jurisdictional purposes if Luzenac has pleaded with particularity a conspiracy and the overt acts taken in furtherance of the conspiracy. *National Union Fire Ins. Co. of Pittsburgh, PA. v. Kozeny*, 115 F. Supp. 2d 1231, 1237 (D. Colo. 2000), *aff'd*, 19 Fed. Appx. 815 (10th Cir. 2001). Luzenac has not identified any specific conspiratorial acts committed in Colorado and thus fails to allege facts sufficient to establish my jurisdiction over its conspiracy claim. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997). Indeed, Luzenac has not contradicted with competent evidence Mr. Baker's affirmation that all the cooperation between Mr. Hertz and IMI Fabi occurred outside of Colorado. *American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449 (10th Cir.1983). *Dodson Intern. Parts, Inc. v. Altendorf*, 181 F. Supp. 2d 1248 (D. Kan. 2001), in which the complaint identified what actions were taken in the forum state in furtherance of the conspiracy, is not contrary.

### IV.  Request for leave to conduct discovery

The parties have conducted some discovery in this case and nothing in the record or in Luzenac's allegations suggests that IMI Fabi has continuous and systematic contacts with Colorado or that an exercise of general jurisdiction might be appropriate. Luzenac's request for

leave to conduct further discovery on this issue is therefore denied.

     Accordingly, it is ORDERED that

1) IMI Fabi's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED;

2) Luzenac's claims against IMI Fabi are dismissed; and

3) judgment shall enter in favor of IMI Fabi on all counts with costs.

Dated: August   11  , 2005, in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock  
                                            Lewis T. Babcock, Chief Judge