**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 04-CV-001961-LTB-CBS

SANFORD LEE HERTZ, an individual,

    Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Colorado corporation and
THE LUZENAC GROUP, a French corporation,

    Defendants.

**AND**

LUZENAC AMERICA, INC., a Colorado corporation,

    Counterclaim Plaintiff,

v.

IMI FABI, LLC, a North Carolina corporation,

    Counterclaim Defendant,

and

LANE LIGHTHART, an individual,

    Counterclaim Defendant and Counterclaim Plaintiff.

---

**STIPULATED PROTECTIVE ORDER**

---

1

Because discovery in this action involves or may involve the disclosure of documents, material, and information potentially entitled to protection under Fed. R. Civ. P. 26(c), including but not limited to proprietary and trade secret information of the parties, and pursuant to that rule,

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material, and information disclosed by the parties in the course of discovery in this action that any party may deem to be potentially entitled to protection under Fed. R. Civ. P. 26(c) and that this Order shall supersede any and all prior protective orders that have been entered in this case, such prior orders being hereby vacated:

1. <u>Definitions</u>.

    (a) "Confidential Material" shall mean all documents, material, and information potentially entitled to protection under Fed. R. Civ. P. 26(c) and designated as "Confidential Material" pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers, documents produced during discovery, whether produced voluntarily, in response to an informal request, in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

(b) "Highly Confidential Material" shall mean all highly confidential documents, material, and information, including nonpublic materials containing proprietary and trade secret information that a party has, as a business practice, sought to protect from competitors, that is potentially entitled to protection under Fed. R. Civ. P. 26(c) and that is designated as "Highly Confidential Material" pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers, documents produced during discovery by any party in this action, whether produced voluntarily, in response to an informal request, in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

(c) "Requesting Party" shall mean any party conducting a deposition pursuant to Fed. R. Civ. P. 30-31, propounding interrogatories pursuant to Fed. R. Civ. P. 33, requesting the production of documents pursuant to Fed. R. Civ. P. 34 or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

        (d)     "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded in this action, and any person or entity producing documents or things in this action pursuant to Fed. R. Civ. P. 26 or voluntarily.

      2.     <u>Designation of Information Produced in Discovery as Confidential Material or Highly Confidential Material</u>.  In making disclosures under Fed. R. Civ. P. 26, in voluntarily producing discovery materials, and/or in responding to discovery propounded herein, any party may designate any document, material, or information produced by it as Confidential Material or Highly Confidential Material.  Moreover, in designating documents, material, or information as Highly Confidential Material, a party may choose to make such designations as to only certain of the other parties (e.g., Luzenac America, Inc. may choose to designate a document as Highly Confidential Material as to IMI Fabi, LLC, only, but not as to Sanford Lee Hertz or Lane Lighthart), and this form of designation will not be deemed to be a waiver of the designating party's position as to the Highly Confidential nature of such documents.  In the case of documents, such designation shall be made by stamping the phrase "Confidential" or "Highly Confidential" (or some substantially similar phrase conveying the same meaning) on the face of any document so designated.  In the case of deposition testimony, such designation shall be made by identifying on the record those portions of the transcript designated as Confidential Material or Highly Confidential Material.  Machine readable media and other non-documentary material

shall be designated as Confidential Material or Highly Confidential Material by some suitable and conspicuous means, given the form of the particular embodiment.

A party producing documents in discovery may make the designation contemplated herein either at the time the document is produced or at the time it is copied for delivery to the discovering party. Failure to make the designation at the time a document is made available for inspection does not constitute a waiver of the right to designate a document as Confidential Material or Highly Confidential Material, so long as the document is so designated when copied for production to the inspecting party. The designation of material as Confidential Material or Highly Confidential Material, in the manner described hereunder, shall constitute a certification by the attorney making such designation that he or she in good faith believes the material to be potentially entitled to protection under Fed. R. Civ. P. 26(c).

3.     <u>Previously-Produced and Designated Documents</u>.  Prior to this Order, plaintiff Sanford Lee Hertz ("Hertz") and defendants Luzenac America, Inc. and The Luzenac Group (collectively, "Luzenac") have produced various documents to one another. Hertz designated various of the documents that he produced as "Confidential," "Highly Confidential," or "For Attorneys' Eyes Only." As to such designations, the provisions of this Order shall apply, with the designation "For Attorneys' Eyes Only" being deemed to be the equivalent of a designation of Highly Confidential Material under this Order and are subject to challenge pursuant to paragraph 14 of this Order. Luzenac produced documents that were designated as

"Confidential," and, under the provisions of the prior protective order in this case, such documents may not be shared with the parties. As to such documents, Luzenac agrees that the documents listed in Exhibit A attached hereto or in any subsequent lists provided by Luzenac shall be deemed to be Confidential Material under the terms of this Order. The remaining documents produced by Luzenac shall be deemed to have been designated as Highly Confidential Material under the terms of this Order. To avoid confusion, such documents may be re-marked in accordance with Exhibit A by any party to this action and are subject to challenge pursuant to paragraph 14 of this Order.

4. <u>Treatment of Confidential Material and Highly Confidential Material</u>. All documents, material, and information designated as Confidential Material or Highly Confidential Material under paragraphs 2 or 3, above, shall be treated in accordance with the provisions of this Order until such designation has been released by the party making it or by order of the Court. Nothing herein, however, shall limit disclosure of Confidential Material or Highly Confidential Material by the party producing it, but such disclosure may be shown to constitute a waiver of a right to protection in any proceeding hereunder challenging such designation.

5. <u>Disclosure of Confidential Material</u>. Material or testimony designated as "Confidential Material" shall not be made available or disclosed other than to the following:

    (a)    the parties, including employees of corporate parties;

  (b) In-house attorneys for any party and outside attorneys of record, including any attorney of a law firm designated as attorneys of record, as well as paralegals, secretaries, and clerical staff working with such attorneys, and contractors providing services to such attorneys, such as copying services;

  (c) Independent (*i.e.*, nonemployee) persons retained by a party or its attorney solely for the purpose of assisting counsel of record in the prosecution, defense, or settlement of this action, such as independent experts or consultants, but only in accordance with the provisions of paragraph 7 hereof;

  (d) The Court, the Court's staff, and judicial assistants of the Court;

  (e) Court reporters and videographers;

  (f) Any other person designated by written agreement between the parties or by subsequent order of the Court after reasonable notice to all parties.

6. <u>Disclosure of "Highly Confidential Material</u>. Material or testimony designated as "Highly Confidential Material" shall not be made available or disclosed other than to the following:

  (a) In-house attorneys for any party and outside attorneys of record, including any attorney of a law firm designated as attorneys of record, as

    well as paralegals, secretaries, and clerical staff working with such attorneys, and contractors providing services to such attorneys, such as copying services;

  (b) Independent (*i.e.*, nonemployee) persons retained by a party or its attorney solely for the purpose of assisting counsel of record in the prosecution, (which shall not include any of the parties in this action or any former employees of any party to this action) defense or settlement of this action, such as independent experts or consultants, but only in accordance with the provisions of paragraph 7 hereof;

  (c) The Court, the Court's staff, and judicial assistants of the Court;

  (d) Court reporters and videographers;

  (e) Any other person designated by written agreement between the parties or by subsequent order of the Court after reasonable notice to all parties.

7. <u>Statement Regarding Confidentiality</u>: Prior to disclosure of any Confidential Material or Highly Confidential Material to any person pursuant to paragraphs 5(c), 5(f), 6(b), or 6(e) of this Order, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit B, stating the signatory's full name, address, and present employer, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or

her agreement to be bound by its terms, and each such signed statement shall be retained by the attorney disclosing any Confidential Material or Highly Confidential Material.

8. <u>Use of Confidential Material or Highly Confidential Material by Persons with Access</u>: Any person who receives or is afforded access to any Confidential Material or Highly Confidential Material pursuant to the provisions of this Order shall neither use nor disclose said Confidential Material or Highly Confidential Material for any purpose other than the purposes of preparation for and conduct of this proceeding, and then solely as contemplated herein. Furthermore, such person shall take all reasonable precautions to maintain the confidentiality of such Material. If any materials designated as Highly Confidential Material are disclosed to any person pursuant to paragraph 6(e) of this Order, such person shall not reproduce or transmit such materials in any form, and shall not record by any means, any of the contents of such materials, including copying, notes, audio recordings, digital media storage, computer transmission, or storage by any other means.

9. <u>Filing of Confidential Material or Highly Confidential Material</u>: If any transcripts of depositions, answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Material or Highly Confidential Material subject to this Order or summarize material from such documents, the party causing the Confidential Material or Highly Confidential Material to be filed shall file it in appropriate folders that are sealed and endorsed with the legend: "Confidential -- Filed Under

Seal Pursuant to Protective Order-- Not to be Opened Except by Authority of the Court," or words substantially identical thereto.

10. <u>Responsibility of Counsel to Notify Staff</u>: Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of Confidential Material or Highly Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

11. <u>Use of Confidential Material or Highly Confidential Material at Trial or on Appeal</u>: Confidential Material and Highly Confidential Material may be used by any party at trial or on any appeal of this matter without regard to the terms of this Order; provided, however, that all parties reserve their respective rights to request the Court to take appropriate measures to preserve the confidentiality of such Material, and provided further that the parties hereto reserve their right to question, challenge, and/or object to the admissibility of such Confidential Material or Highly Confidential Material in accordance with the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure.

12. <u>Applicability of this Order</u>: The confidentiality provisions of this Order do not apply to:

   (a)   documents or information already in the possession of parties, unless obtained pursuant to a prior confidentiality agreement or protective order issued by a court of

competent jurisdiction; provided, however, that, if any party in this action receives or has previously received documents from a third-party, then any other party, or the party receiving such documents, may designate such documents, or any of them, as Confidential Material or Highly Confidential Material, pursuant to this Stipulated Protective Order; or

    (b) documents or information filed with local, state, or federal agencies, other than tax returns and other filings not considered public records under the laws of the particular jurisdiction.

  13. <u>Non-Waiver of Privilege</u>: Nothing herein shall in any respect constitute a waiver of any attorney-client or work-product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

  14. <u>Challenges to Designations</u>: Any party may challenge the designation of material as Confidential Material or Highly Confidential Material, including but not limited to any and all redactions contained in such documents, by following the procedures outlined by Magistrate Judge Shaffer at the June 2, 2005 Scheduling Conference in this case. Specifically, in order to challenge any such designation or redaction, counsel for the Requesting Party must first make reasonable efforts to meet and confer with counsel for the Producing Party under Rule 7.1(A) of this Court's Local Rules of Practice. If the parties are unable to resolve the issue in such

conference, then the Requesting Party shall schedule a conference call with Magistrate Judge Shaffer's chambers to attempt to resolve the issue. If Magistrate Judge Shaffer is unable to assist the parties in resolving the issue, then the parties shall follow Magistrate Judge Shaffer's instructions as to how to proceed. Except as otherwise provided herein, the party making the designation at issue shall have the burden of proving the propriety of his or its designations or redactions. Parties challenging such designations or redactions shall have the right to seek appropriate sanctions, including the recovery of fees and costs, if the party making the designations or redactions did so in violation of Fed. R. Civ. P. 26(c) or other applicable rules or law, or in bad faith. Parties defending his or its designations or redactions shall likewise have the right to seek sanctions from the party challenging such designations or redactions, if the challenge was made in violation of applicable rules or law, or in bad faith. A party shall not be obligated to challenge the propriety of a designation by another party at the time such designation is made, and a failure to make any such challenge shall not preclude a subsequent challenge by such party to such designation.

15. Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26.

16. Within thirty (30) days of the termination of this action, including all appeals, Sanford Lee Hertz, Lane Lighthart, and their undersigned counsel shall destroy all Confidential Material and Highly Confidential Material, including any copies, extracts, or summaries thereof,

that was produced in this action by any Producing Parties and, through counsel, shall certify to counsel for the Producing Parties in writing that they have fulfilled the obligations imposed by this paragraph. All other Requesting Parties shall retain all Confidential Material and Highly Confidential Material, including any copies, extracts or summaries thereof, that was produced in this action by any Producing Parties for a period of at least three (3) years from the termination of this action, including all appeals. Within thirty (30) days of the termination of this action, including all appeals, such materials shall be sealed and shall then be held for the above-noted three (3) year period at the offices of counsel for such Requesting Party, and such materials will not be disclosed to any third-person, unless counsel holding such materials receives a claim that makes such materials relevant or is notified by counsel for Sanford Lee Hertz or Lane Lighthart of their need for such materials. Upon receipt of any such claim or of such notification by counsel for Sanford Lee Hertz or Lane Lighthart, then, before unsealing such materials, counsel for the Requesting Party shall notify counsel for the Producing Party in sufficient time to allow counsel to file and/or serve objections, if appropriate. During the three (3) year period set forth above, all Confidential Material and Highly Confidential Material, including any copies, extracts or summaries thereof, that was produced in this action by any Producing Parties and that is held by any Requesting Parties shall remain Confidential Material and Highly Confidential Material pursuant to the terms of this Order. Within thirty (30) days after the end of the three (3) year period set forth above, the Producing Parties shall instruct the Requesting Parties who are still

holding such materials either to destroy all such Confidential Material and Highly Confidential Material, including any copies, extracts or summaries thereof, or to return to the Producing Parties all such Confidential Material and Highly Confidential Material, including any copies, extracts or summaries thereof.  Counsel for the Requesting Parties shall comply with such instructions and shall certify to counsel for the Producing Parties in writing that counsel has fulfilled the obligations imposed by this paragraph.

DATED at Denver, Colorado, this 15th day of August, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

STIPULATED AND AGREED TO THIS 27TH DAY

OF JULY 2005, BY THE UNDERSIGNED

COUNSEL FOR THE PARTIES:

ISAACSON ROSENBAUM, P.C.

Theresa L. Corrada

s/Theresa L. Corrada

633 17th Street, #2200

Denver, CO 80202

(303) 292-5656

Attorneys for Plaintiff Sanford Lee Hertz

HOLME ROBERTS & OWEN LLP

Richard L. Gabriel

Timothy M. Reynolds

16

DAVIS, GRAHAM & STUBBS LLP

Janet A. Savage

Stephanie Ann Ries

s/Janet A. Savage

1550 17th Street, #500

Denver, CO 80202-1500

(303) 892-9400

Attorneys for Defendants Luzenac

America, Inc. and The Luzenac Group

BENEZRA & CULVER LLC

John A. Culver

17