IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  04-cv-01961-LTB-CBS

SANFORD LEE HERTZ,

Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Colorado corporation, and
THE LUZENAC GROUP, a French corporation,

Defendants.

AND

LUZENAC AMERICA, INC., a Colorado corporation,

Counterclaim Plaintiff,

v.

IMI FABI, LLC, a North Carolina corporation, and
LANE LIGHTHART, an individual,

Third Party Defendants.

AND

LANE LIGHTHART, an individual,

Third Party Defendant and Counterclaim Plaintiff,

v.

LUZENAC AMERICA, INC., a Colorado corporation,

Third Party Defendant.

---
ORDER
---

The plaintiff, Sanford Lee Hertz, has moved for leave to file a Second Amended Complaint, adding a claim against the defendant, Luzenac America, Inc. ("Luzenac"), for abuse of process. Lane Lighthart, a third-party defendant and counterclaim plaintiff, moves for leave to amend his counterclaims against Luzenac to add claims for common law abuse of process and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Both Messrs. Hertz and Lighthart cite the general principle that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The motions are adequately briefed and oral arguments would not materially aid their resolution. For the reasons stated below, I DENY Mr. Hertz's motion to amend and GRANT IN PART and DENY IN PART Mr. Lighthart's motion to amend.

Luzenac argues that amendment to include the abuse of process claims would be futile. I agree. Mr. Hertz asks leave to add the following allegations.

Defendant has intentionally filed baseless Counterclaims against Plaintiff.

The principal reason for filing the Counterclaims was other than to recover amounts that it believes that Hertz owes to it as a result of the allegations in the Counterclaims. Instead, the principal reason for filing the Counterclaims is to retaliate against Plaintiff, to harass and intimidate Plaintiff, to cause Plaintiff to cease his lawful competition with Defendant, to prevent Plaintiff from making a living, and to ruin his reputation.

As a result of the Counterclaims filed in this action, all of which constitute abuse of process, Hertz suffered damages, including mental pain and suffering, fear, anxiety, humiliation, embarrassment, indignity, public disgrace, and loss to his reputation.

In addition, as a result of the false and unjustified Counterclaims, Hertz has suffered damages in that he has been and will be forced to incur costs and attorneys (sic) fees, will be forced to spend valuable time away from his job and family preparing for and in

>   attending the trial of the (sic) this action, and will lose income.
>
>   Defendant's actions were willful and wanton.

Second Amended Complaint, 8-9.

>   Mr. Lighthart seeks to add the following allegations of abuse of process.
>
>   Luzenac files this action for the improper purpose of preventing him (sic) from lawfully competing against Luzenac and as retaliation against Mr. Lighthart because he supported Mr. Hertz's complaint and successful discrimination action under Title VII.
>
>   Luzenac is using the present case in an improper manner by seeking to interfere with the proper relationship between IMI Fabi and Messrs. (sic) Lighthart by asserting groundless counterclaims (sic) that Mr. Lighthart misappropriated Luzenac's confidential information.
>
>   By asserting their (sic) counterclaims rather than timely defending the declaratory judgment action, Luzenac has damaged Mr. Lighthart by (1) intentionally causing IMI Fabi and Mr. Hertz not to enter into any prospective business relationship with Mr. Lighthart; (2) intentionally causing Mr. Hertz not to perform his contract with Mr. Lighthart or interfering with Mr. Hertz's performance of the contract; and (3) subjecting Mr. Lighthart to financial losses by the delay in pursuing these business relationships and costs in litigating Luzenac's counterclaims.

Lane Lighthart's Amended Counterclaims Against Luzenac America, Inc., 6-7.

A claim for abuse of process requires proof of: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App. 1998). Significantly in this case, the claim "must include an allegation of the use of process to accomplish a coercive goal which is not the intended legal purpose of the process," which is implicit in the requirement that the use of the proceeding be made in an improper manner. *Id*. "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing

3

the action or if he knowingly brought suit upon an unfounded claim." *Institute for Professional Development v. Regis College*, 536 F. Supp. 632, 635 (D. Colo. 1982), *quoting*, 1 Am. Jur. 2d, Abuse of Process, § 13 (1962).

Neither Mr. Hertz nor Mr. Lighthart has alleged that Luzenac has used process in a manner not proper in the regular course of the proceedings. Both allege only that Luzenac has filed claims against them. Any ulterior motives Luzenac might have had are insufficient to support an inference of improper use. *American Exp. Financial Advisors, Inc. v. Topel*, 38 F. Supp. 2d 1233, 1243 (D. Colo. 1999). The proffered allegations of abuse of process fail to state a claim and amendment to include them would be futile. *Sanders v. Williams*, 160 F. Supp. 2d 1191, 1203 (D. Colo. 2001).

Luzenac opposes Mr. Lighthart's proposal to add a claim for retaliation in violation of Title VII because, it argues, he has not exhausted the available administrative remedies. Exhaustion is a fact question on which the parties may provide evidence and authorities at the appropriate time. Mr. Lighthart shall have leave to make his retaliation amendment.

Accordingly, it is ORDERED that

1) Mr. Hertz's motion for leave to file a second amended complaint is DENIED;

2) Mr. Lighthart's motion for leave to amend his counterclaims against Luzenac is GRANTED in part and DENIED in part;

3) Mr. Lighthart shall, on or before, September 16, 2005, file an amended counterclaim stating the allegations constituting his Title VII retaliation claim.

Dated: August __29th__, 2005, in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge