IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  04-cv-01961-LTB-CBS

SANFORD LEE HERTZ,

Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Colorado corporation, and
THE LUZENAC GROUP, a French corporation,

Defendants.

AND

LUZENAC AMERICA, INC., a Colorado corporation,

Counterclaim Plaintiff,

v.

LANE LIGHTHART, an individual,

Third Party Defendant and Counterclaim Plaintiff,

v.

LUZENAC AMERICA, INC., a Colorado corporation,

Third Party Defendant.

_____

## ORDER
_____

The parties move separately for entry of final judgment on those claims dismissed and

disallowed in my August 29, 2005 and April 17, 2006 orders.  Neither of the motions is opposed.

1

In my August 29, 2005 order, I denied the motion of Sanford Lee Hertz and Lane Lighthart to add claims for abuse of process against Luzenac America, Inc. ("Luzenac").  In my April 17, 2006 order I dismissed all claims by and against Mr. Lighthart; dismissed Luzenac's claims against Mr. Hertz for misappropriation, breach of contract, unjust enrichment, and conspiracy; and dismissed Mr. Hertz's claims against Luzenac for interference with contractual relations and interference with prospective business relations.  Remaining are Mr. Hertz's claims against Luzenac for retaliation in violation of Title VII and defamation and Luzenac's claims against Mr. Hertz for conversion, civil theft, and intentional interference with prospective business relations.

Fed. R. Civ. P. 54(b) provides, *inter alia*,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Tenth Circuit requires an express analysis of the requirements for Rule 54(b) certification, which are two.  *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1266 (10th Cir. 2005).  "First, the district court must determine that the order it is certifying is a final order." *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).  To be considered 'final,' an order must be 'final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citations omitted).

The disposed claims are distinct and separable from the remaining claims because they are predicated upon independent factual bases.  *Gross v. Pirtle*, 116 Fed. Appx. 189, 194 (10th Cir. 2004).  Though truth is a defense to Mr. Hertz's defamation claim, my dismissal of Luzenac's trade secret claim precludes Luzenac from arguing that Mr. Hertz in fact stole its trade secrets, as

it claimed in its purportedly defamatory statement.  Luzenac may offer in defense of Mr. Hertz's

retaliation claim that it believed he had stolen trade secrets.  However, the narrow question will be

whether that putative belief was pretextual.  Resolution of Luzenac's conversion and theft claims

will require consideration of the narrow circumstances of Mr. Hertz's possession of certain of

Luzenac's documents after his departure from Luzenac.  Luzenac's interference claim will turn on

the circumstances of Mr. Hertz's May, 2003 letter to Sheboygan Paint.

To the extent that factual overlap exists, resolution of the disposed claims at the appellate

level will not impede resolution of the pending claims at trial.  Furthermore, any subsequent

appeals will turn on legal issues distinct from the question whether genuine issues of material fact

preclude summary judgment on the dismissed claims.  After the Court of Appeals has considered

the evidence supporting and undermining the dismissed claims, it need not revisit the issue.

*Stockman's Water Co.*, 425 F.3d at 1265.  The first requirement of Rule 54(b) is met.

"Second, the district court must determine that there is no just reason to delay review of

the final order until it has conclusively ruled on all claims presented by the parties to the case."

*Bruner*, 259 F.3d at 1242.  Luzenac's claims for misappropriation, breach of contract, unjust

enrichment, and conspiracy constituted the marrow of its allegations; its remaining claims arose

from incidental facts.  Indeed, through motions to reconsider and for amendment of my April 17,

2006, Luzenac has made clear that it is primarily, if not exclusively, concerned with the question

whether it took reasonable measures to guard the secrecy of its putative trade secret.  On that

question its appeal of my April 17, 2006 order will turn.  Mr. Hertz's and Lighthart's dismissed

claims can feasibly be tried with the remaining claims.  Thus, the parties' interest in a single trial

outweighs Rule 54(b)'s policy of preventing multiple appeals.  In order to avoid trying the

3

remaining, incidental claims separately from any claims reinstated after appeal, I will stay the case

pending the Court of Appeal's disposition.


      Accordingly, it is ORDERED that:

1) pursuant to Rule 54(b), final judgment shall enter on all of the claims dismissed or disallowed in

my August 29, 2005 and April 17, 2006 orders; and

2) the case is stayed pending the parties' cross appeals of those claims.

Dated: July   19  , 2006, in Denver, Colorado.

                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        Lewis T. Babcock, Chief Judge