IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  04-cv-01961-LTB-CBS

SANFORD LEE HERTZ,

Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Colorado corporation, and
THE LUZENAC GROUP, a French corporation,

Defendants.

AND

LUZENAC AMERICA, INC., a Colorado corporation,

Counterclaim Plaintiff,

_____

ORDER

_____

By an August 29, 2005 order I denied the motion of Sanford Lee Hertz and Lane

Lighthart to add claims for abuse of process against Luzenac America, Inc. ("Luzenac").  By an

April 17, 2006 order I dismissed all claims by and against Mr. Lighthart; dismissed Luzenac's

claims against Mr. Hertz for misappropriation, breach of contract, unjust enrichment, and

conspiracy; and dismissed Mr. Hertz's claims against Luzenac for interference with contractual

relations and interference with prospective business relations.  Other claims persist.  On July 19,

2006, pursuant to Fed. R. Civ. P. 54(b), I granted the separate motions of the parties for an entry

of final judgment on those claims dismissed and disallowed in my August 29, 2005 and April 17,

2006 orders and stayed the remaining claims pending appeal.

Messrs. Hertz and Lighthart move, pursuant to Fed. R. Civ. P. 59(e), for amendment of the judgment to include assessments of attorney fees against Luzenac and its counsel.  Also, Mr. Lighthart moves for review of the costs taxed.  The motions are adequately briefed and timely, and oral argument would not materially aid their resolution.

**I.  Attorney fees**

Messrs. Hertz and Lighthart seek fee assessments against Luzenac, under the fee provision of the Colorado Uniform Trade Secrets Act ("CUTSA"), and against Luzenac's counsel, pursuant to Fed. R. Civ. P. 11.  They correctly point out that in my April 17, 2006 order I found Luzenac's claims of trade secret appropriation lacking all merit.  However, fee assessments are not appropriate in this case.

CUTSA authorizes an award of a reasonable attorney fee against a party who makes a claim of misappropriation in bad faith.  Colo. Rev. Stat. § 7-74-105.  In my April 17, 2006 order I noted that Oscar Noel and Dr. Ed McCarthy, Luzenac's representatives, subjectively thought that the process for manufacturing Mistron 604AV was confidential.  Though that belief was manifestly erroneous, a demonstration of bad faith requires more than a showing of mere error. Unlike mere persistence in a frivolous claim, bad faith generally consists of "conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, and may also include conduct aimed at unwarranted delay or disrespectful of truth and accuracy."  *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. Ct. App. 2001).

Rule 11 sanctions are levied against attorneys only after prior notice, Fed. R. Civ. P. 11(c).  Also, because counsel cannot have the advantage of the safe-harbor provision of Rule

11(c)(1)(A), sanctions under Rule 11 are not to be made on motions filed after summary

judgment. *Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-1184 (10th Cir. 2000).  Messrs. Hertz and

Lighthart concede that they did not comply with the notice and safe-harbor requirements.

Furthermore, Rule 11 "de-emphasizes monetary sanctions and discourages direct payouts to the

opposing party," the remedy Messrs. Hertz and Lighthart seek here. *Id.* at 1183.

I expressly decline to sanction counsel *sua sponte* pursuant to Rule 11(c)(1)(B).  In any

event, I am powerless when acting on my own initiative to order payment of a monetary penalty.

*Hutchinson*, 208 F.3d at 1184.

## II.  Review of costs

Mr. Lighthart asks me to reduce the Clerk's cost assessment against him from $11,102.48

to $3,782.25.  The difference, he argues, resulted from costs unnecessarily incurred.  *See* 28

U.S.C. § 1920.  My review of the cost taxation is *de novo*.  Fed. R. Civ. P. 54(d)(1); *Hansen v.*

*Sea Ray Boats, Inc.*, 160 F.R.D. 166, 167 (D. Utah 1995).  The award of costs is committed to

my discretion.  *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).  Rule

54 creates a presumption that I will award costs to Luzenac, which prevailed on Mr. Lighthart's

claims against it, and I must provide a valid reason if I do not award the costs requested.  *Id*.

Luzenac is entitled to recover costs for a deposition that appeared necessary at the time it

was taken for proper preparation of the case.  *Callicrate v. Farmland Industries, Inc.*, 139 F.3d

1336, 1340 (10th Cir. 1998).  The Tenth Circuit has explained that "a deposition is not obtained

unnecessarily even if not strictly essential to the court's resolution of the case where the

deposition is offered into evidence, *is not frivolous*, and is within the bounds of vigorous

advocacy." *Id*. (emphasis added).  The court also cautions that "items proposed by winning

3

parties as costs should always be given careful scrutiny." *Id*.

Mr. Lighthart objects to the cost award to the extent that it compensates Luzenac for depositions pertaining to its misappropriation allegations against Mr. Hertz. He points out that much of the deposition testimony at issue bore upon the allegations that Mr. Hertz had stolen product information and that he was accused only of misappropriation of customer information. He argues that evidence concerning the misappropriation allegations against Mr. Hertz is not relevant to his retaliation claim, which I dismissed. He protests that "only two depositions were relevant to the grounds relied upon by the Court in granting Luzenac's Motion."

Luzenac responds that the merits of its accusations against Mr. Hertz were relevant to the merit of Mr. Lighthart's claims against Luzenac for interference with contractual and prospective business relations. Luzenac's interference would not have been improper, and therefore not actionable, if Hertz's and Lighthart's relationship with IMI Fabi was founded upon ill-gotten intellectual property.

This dispute misses the point. The issue is neither the relevance of the deposition testimony to Luzenac's allegations of misappropriation nor the attendant relevance to Mr. Lighthart's allegations of retaliation and interference. Rather, the problem with Luzenac's request is the patent frivolity of its misappropriation allegations, demonstrated in my April 17, 2006 order. Before the close of discovery it should have been apparent to Luzenac's counsel that the evidence and Luzenac's accusations diverged markedly. Mr. Lighthart's interference claims failed not because of any alleged misappropriation but rather because IMI Fabi breached no contractual commitment to sell Genera. His retaliation claim failed for lack of causation.

I agree with Mr. Lighthart that equity requires a reduction of the cost taxation. That

4

Luzenac cannot demonstrate a direct correlation between deposition citations and the propositions requisite to its argument on summary judgment is not reason to deny it the costs assessed.  Nor is the fact that I found some of Luzenac's arguments more persuasive than others fatal to its request.  However, a demonstration of the reasonable-necessity and prevailing-party elements of 28 U.S.C. § 1920 requires that the prevailing party did not unduly extend or complicate resolution of the issues with frivolous arguments.  *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975); *City of Rome, Italy v. Glanton*, 184 F.R.D. 547, 551 (E.D. Pa. 1999).  *See also*, *Olcott v. Delaware Flood Co.*, 129 Fed. Appx. 453, 463 (10th Cir. 2005).


        Accordingly, it is ORDERED that:

1) Messrs. Hertz's and Lighthart's motions to amend the judgment and award attorney fees [265, 266] are DENIED;

2) Mr. Lighthart's motion for review of costs [306] is GRANTED;

3) the Clerk's cost taxation against Mr. Lighthart is VACATED; and

3) costs are assessed against Mr. Lighthart in the amount of $3,782.25.


Dated: January ___16___, 2007, in Denver, Colorado.

                                            BY THE COURT:


                                            ___s/Lewis T. Babcock_____
                                            Lewis T. Babcock, Chief Judge