IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01961-LTB-CBS

SANFORD LEE HERTZ,

       Plaintiff and Counterclaim Defendant,

v.

LUZENAC AMERICA, INC., a Delaware corporation,

       Defendant and Counterclaim Plaintiff.
_____

ORDER
_____

       This matter is before me on a Motion To Dismiss filed by Defendant and Counterclaim Plaintiff, Luzenac America, Inc. ("Luzenac"), seeking dismissal of an allegation supporting the Title VII retaliation claim asserted against it by Plaintiff and Counterclaim Defendant, Sanford Lee Hertz ("Hertz"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The motion is entitled: "Luzenac's Re-Filed Motion to Dismiss Hertz's Retaliation Claims based on Luzenac Suing IMI FABI." [**Doc # 427**] Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' briefs and arguments, and for the reason stated, I GRANT the motion and, as a result, I STRIKE Hertz's assertion – as first set forth in his Second Amended Complaint – that Luzenac retaliated against him "by suing IMI Fabi during the pendency of this lawsuit" as a basis for Hertz's claim of Title VII Retaliation against Luzenac.

## I. BACKGROUND

       "Oh what a tangled web we weave, When we practice to deceive." Sir Walter Scott As we shall see, the parties exceedingly contentious relationship has weaved a most complex

web of litigation difficult to resolve. Even if not adding to the web, they are bound and determined to constantly tug at one strand or another so as to alter its configuration.

Hertz was employed by Luzenac from August 1994 until his termination in January 1998. Luzenac mines, processes and sells talc products, and Hertz was the Technical Manager in Luzenac's paint group. Shortly after his termination, Hertz sued Luzenac under Title VII for religious discrimination and retaliation. Following a trial, the jury returned a verdict in favor of Hertz on his retaliation claim by finding that he was terminated for objecting to Luzenac's perceived discrimination based on religion. *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014 (10th Cir. 2004).

After the trial, Hertz entered into a consulting agreement with IMI Fabi, LLC ("IMI Fabi"), to help it develop, manufacture and market a vinyl silane-coated talc product to compete with Luzenac's product known as Mistron 604AV. After becoming aware of the agreement, Luzenac sent Hertz a cease-and-desist letter, through his counsel, demanding that Hertz stop misappropriating Luzenac's trade secrets in August of 2003. In response to the letter, Hertz filed this lawsuit against Luzenac seeking declaratory relief that he had not misappropriated trade secrets. Hertz also asserted claims of: unlawful retaliation under Title VII; defamation; tortious interference with contract; and tortious interference with prospective business advantage.

On April 17, 2006, I dismissed Hertz's claims on summary judgment for interference with contractual relations and interference with prospective business relations, which was subsequently affirmed on appeal to the Tenth Circuit. *Hertz v. Luzenac Group,* 576 F.3d 1103 (10th Cir. 2009). As a result, Hertz's remaining claims against Luzenac are for Title VII retaliation and defamation. Luzenac asserts counterclaims against Hertz for: interference with

prospective business advantage; interference with contractual relationship; misappropriation of trade secrets; conversion; civil theft; conspiracy; breach of contract; and unjust enrichment.

## III.  FED. R. CIV. P. 12(b)(1)

As an initial matter, I first address Luzenac's argument that one of the assertions supporting Hertz's retaliation claim must be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), based on his failure to exhaust administrative remedies.

A plaintiff must exhaust his or her administrative remedies, such as filing a charge with the EEOC, before bringing suit under Title VII. *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir. 1997). Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter. *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1326 (10th Cir. 1999). The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1274 (10th Cir. 2005); *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996).

Under Title VII, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify [and e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). As a result, each incident of discriminatory treatment constitutes its own separate "unlawful employment practice" for which administrative remedies must be exhausted. *Martinez v. Potter,* 347 F.3d 1208, 1210 -11 (10th Cir. 2003).

The procedural history of Hertz's retaliation claim is as follows. Initially, in July of 2004, Hertz alleged that he engaged in protected activity when he sued Luzenac for discrimination following his termination, and that while that case was pending Luzenac retaliated against him. Hertz specifically alleged that Luzenac's retaliatory acts were that it: "falsely accusing him of stealing its trade secrets;" and "filing baseless counterclaims against him."

Thereafter, Luzenac filed a motion to join IMI Fabi as Counterclaim Defendant on March 31, 2005. Hertz did not oppose the motion, which was granted on April 1, 2005. Four months later, however, I granted IMI Fabi's Fed. R. Civ. P. 12(b)(2) motion and, as such, dismissed IMI Fabi from this case for lack of jurisdiction in August 2005. Luzenac subsequently filed a lawsuit against IMI Fabi in the United States District Court for the Northern District of West Virginia, in February of 2006, asserting essentially the same claims I dismissed in this case. That case remains pending. Three months later, on May 23, 2006, Hertz filed a charge with the EEOC alleging that Luzenac unlawfully retaliated against him, in violation of Title VII, by filing the West Virginia lawsuit against IMI Fabi.

In the meantime, on August 29, 2005, I denied Hertz's motion seeking to amend his complaint to add an abuse of process claim against Luzenac – for filing baseless counterclaims – by determining that the proposed amendment would be futile. Thereafter, on April 17, 2006, I dismissed some of each parties' non-Title VII retaliation claims on summary judgment. Those rulings were appealed. Ultimately, the Tenth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings in a ruling dated August 11, 2009. *Hertz v. Luzenac Group, supra*, 576 F.3d at 1118.

On remand, Hertz filed a second amended complaint in which he augments his retaliation claim. Specifically, in addition to the allegations that Luzenac "falsely accused him of stealing its trade secrets" and filed "baseless counterclaims against him" while the prior discrimination case was pending, Hertz adds a new factual allegation that Luzenac "continued its retaliatory campaign against Hertz by suing IMI Fabi during the pendency of this lawsuit." In the general allegations of the amended complaint, Hertz alleges that "[o]n April 1, 2005, this Court accepted for filing Luzenac's Amended Counterclaims adding . . . IMI Fabi as Defendant in this action" and that following the dismissal of IMI Fabi from this case, "[s]oon thereafter, on February 3, 2006, Luzenac re-filed its Complaint against IMI Fabi in West Virginia." Hertz further maintains that "Luzenac brought its claims against IMI Fabi in retaliation for Hertz's protected activity [in that d]uring its litigation against Hertz, Luzenac learned that Hertz had agreed to indemnify IMI Fabi from any attorney fees or judgment obtained in litigation arising out of their consulting agreement."

In this motion, Luzenac argues that Hertz's new allegation of retaliatory action – based on its suing IMI Fabi during the pendency of this case – is barred as Hertz failed to exhaust administrative remedies. In support of this argument, Luzenac asserts that it filed claims against IMI Fabi on March 31, 2005, when it filed an unopposed motion to join IMI Fabi as counterclaim Defendant in this case. Because it is undisputed that Hertz did not file his EEOC charge related to the retaliatory act of Luzenac suing IMI Fabi until May 23, 2006 – over 400 days later – he failed to timely exhaust his administrative remedies in that more than 300 days had passed after the allegedly discriminatory conduct. *See generally* 42 U.S.C. § 2000e-5(e)(1); *Duncan v. Manager, Dept. of Safety, City & County of Denver,* 397 F.3d 1300, 1308 (10th Cir.

5

2005)("Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct . . . [it] is not intended to allow employees to dredge up old grievances; they must promptly report and take action on discriminatory acts when they occur").

In response, Hertz concedes that he did not file a timely EEOC charge based on Luzenac's attempt to sue IMI Fabi in Colorado – as part of this case – in March of 2005. Rather, he asserts that his claim is based on Luzenac's bringing a separate lawsuit against IMI Fabi in West Virginia in February of 2006. As such, his EEOC charge in May of 2006 is timely, as it was filed within 300 days of that retaliatory act, and thus he argues that he has exhausted his administrative remedies.

Luzenac maintains that the West Virginia lawsuit did not constitute a discrete incident of discriminatory treatment but rather, under the circumstances, was merely a consequence of the first filing. In so doing, Luzenac relies on *Brown v. Unified School Dist. 501, Topeka Public Schools,* 465 F.3d 1184, 1187 (10th Cir. 2006), in which the Tenth Circuit determined that "when an initial discriminatory act is time-barred, a later related event is not actionable if it is merely a consequence of the first; to be actionable, the later event must involve an independent act of discrimination (which in certain circumstances may be inherent in the event, but otherwise requires explicit supporting allegations)." *Id.*(citations omitted). In that case, the court ruled that a follow-up letter – which only reiterated and restated the employer's earlier unconditional decision to not consider the plaintiff for re-employment – was not an independent, discrete act of retaliation. Rather, in a very narrow ruling, the court held "only that an employer's mere reiteration of a broad decision not to consider an applicant for any employment does not revive expired objections regarding its initial statement of that decision." *Id.* at 1188.

However, contrary to Luzenac's argument here, the filing of the lawsuit against IMI Fabi in West Virginia is not simply a reiteration of an initial determination to act. Rather, it is a distinct and discrete decision that constitutes its own independent "unlawful employment practice." While the decision to seek damages against IMI Fabi was initially made when claims were filed in this case, the decision to re-file – in a different jurisdiction and pursuant to the law of that jurisdiction – is related to the first decision, but is not contingent thereon, nor is it simply a reiteration of the initial decision. The re-filing did not constitute a "natural and inevitable consequence" to the claims being dismissed in this court. I disagree with Luzenac's assertion that because Hertz did not oppose its initial attempt to assert claims against IMI Fabi in this case, he is foreclosed from asserting that the West Virginia lawsuit – filed over six months later – constituted an unlawful act of retaliation. Under the circumstances here, the decision to file a lawsuit against IMI Fabi in West Virginia is an independent retaliatory action that constitutes a "unlawful employment practice." As a result, I conclude that as to this alleged act of retaliation, Plaintiff has timely filed an EEOC charge that, in turn, serves to properly exhaust his administrative remedies.

### III.  FED. R. CIV. P. 12(b)(6)

Luzenac also seeks dismissal of Plaintiff's retaliation claim, grounded in its West Virginia lawsuit against IMI Fabi, for failure to state a claim upon which releif can be granted pursuant to Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352

(10th Cir. 1996). Thus, a complaint will survive dismissal if it alleges a plausible claim for relief – that is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

A. Law of the Case

Luzenac first asserts that Hertz is precluded, as a matter of law, from asserting that the filing of Luzenac's lawsuit against IMI Fabi in West Virginia was an act of retaliation against him because such argument is barred by the law of the case.

Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). "It is a rule based on sound public policy that litigation should come to an end . . . by preventing continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986)(internal citations omitted). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir. 1995). This principle applies to all "issues previously decided, either explicitly or by necessary implication." *Id.* (*quoting Guidry v. Sheet Metal*

8

*Workers Int'l Ass'n,* 10 F.3d 700, 705 (10th Cir. 1993)).

As set forth above, on August 29, 2005, I denied Hertz's motion seeking to add an abuse of process claim against Luzenac – for filing baseless counterclaims – by determining that the proposed claim would be futile because it failed to allege that Luzenac's counterclaims constituted use of a legal proceeding in an improper manner. The Tenth Circuit subsequently affirmed on appeal. In so doing, the Tenth Circuit determined that:

> Mr. Hertz's claim of abuse stems from Luzenac filing counterclaims against him for misappropriation of trade secrets. Any ulterior motives Luzenac might have had are insufficient to support an inference of improper use. Viewed under the standards discussed above, we agree with the district court that Mr. Hertz has failed to allege an improper purpose. Luzenac is entitled to protect its trade secrets. Its counterclaims are an appropriate means of accomplishing that goal. We do not find any evidence that Luzenac has misused the legal process or done anything other than endeavor to protect its perceived legitimate competitive interests. Mr. Hertz has not identified any "collateral advantage" to be gained by Luzenac. Accordingly, the district court did not abuse its discretion in denying Hertz's motion to amend his complaint to include a claim for abuse of process.

*Hertz v. Luzenac Group*, *supra,* 576 F.3d at 1118 (footnote omitted). Luzenac argues that this ruling precludes Hertz's claim that the West Virginia lawsuit constitutes an act of retaliation, as a matter of law, because it is clear that Luzenac's claims against Hertz are not baseless, but rather are legitimate efforts to protects its trade secrets. Luzenac argues, therefore, that "[i]t would be inconsistent for this Court to now find that Luzenac's litigation against IMI Fabi, the entity with who Hertz improperly shared Luzenac's trade secrets, was retaliatory and hence illegal."

While the Tenth Circuit ruling is clear that Luzenac's counterclaims asserted against Hertz are an appropriate legal means to protect its perceived trade secrets, I disagree that the Tenth Circuit's ruling extends to the assumption that Luzenac's claims against IMI Fabi are not

9

baseless and, as such, cannot form the basis for Hertz's claim that the filing of the lawsuit against IMI Fabi was an improper act of retaliation. The Tenth Circuit explicitly ruled that Luzenac's efforts to protect its trade secrets, by filing counterclaims against Hertz, was a proper use of the legal process. That ruling does not necessarily lead to the conclusion that such efforts asserted in the lawsuit against IMI Fabi are not a retaliatory act, under Title VII, against Hertz. I conclude that such determination was not a necessary implication of the Tenth Circuit ruling and, as such, I reject Luzenac's argument that Hertz's retaliation claim based on Luzenac suing IMI Fabi is inconsistent with the law of this case.

B.  Failure to State a Claim

Finally, I address Luzenac's argument that Hertz has failed to state a claim because its West Virginia lawsuit against IMI Fabi cannot, as a matter of law, support Hertz's claim of retaliation under Title VII. Retaliation against an employee because he or she has opposed any practice made unlawful by Title VII is prohibited. 42 U.S.C. § 2000e-3(a). To make out a claim of retaliation, for having exercised rights pursuant to Title VII, a plaintiff must show that: (1) the plaintiff engaged in protected opposition to discrimination; (2) the employer subsequently took action that a reasonable employee would have found materially adverse; and (3) there is a causal connection between the plaintiff's protected activity and the adverse action. *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007); *Argo v. Blue Cross and Blue Shield of Kansas*, 452 F.3d 1193, 1202 (10th Cir. 2006). Luzenac argues that Hertz has failed to state a claim of retaliation, because he cannot show that it is plausible that he is entitled to relief in that the filing of the West Virginia lawsuit against IMI Fabi is not an adverse action, nor is there a casual connection between the lawsuit and the protected activity. I agree.

When asserting an adverse action in a retaliation claim under Title VII, a plaintiff is required to show "that a reasonable employee would have found the challenged action materially adverse." *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67-68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *see also Somoza v. University of Denver,* 513 F.3d 1206, 1212 (10th Cir. 2008); *E.E.O.C. v. PVNF, L.L.C.,* 487 F.3d 790 (10th Cir. 2007). Whether a reasonable employee would have found it materially adverse means that the alleged action "well might have dissuaded a reasonable worker from . . . supporting a charge of discrimination." *Id.* at 60. In applying this standard, the test for determining whether an action would have been considered material is an objective one, asking how a reasonable employee would have interpreted or responded to the action. *Williams v. W.D. Sports, N.M., Inc.,* 497 F.3d 1079, 1088-89 (10th Cir. 2007).

Here, the alleged adverse employment action complained of – Luzenac's act of filing a lawsuit in West Virginia against IMI Fabi – would not have dissuaded a reasonable worker from supporting a charge of discrimination under the circumstances. First, as noted by Luzenac, Hertz did not object when Luzenac initially attempted to assert its claims against IMI Fabi in this case. More importantly, Hertz's current claim of retaliation against his former employer is not based on his position as an employee, but rather is grounded in his posture as an improper competitor. As such, Hertz has failed to assert that the action of filing the West Virginia lawsuit against IMI Fabi would have dissuaded a reasonable worker, under the circumstances, from continuing to support his pending claim of discrimination. Rather, such action would have served to sway the reasonable person to continue to assert his or her pending claims. *See generally Somoza v. University of Denver,* 513 F.3d 1206, 1214 (10th Cir. 2008)(noting that "the fact that an

11

employee continues to be undeterred in his or her pursuit of a remedy, as here was the case, may shed light as to whether the actions are sufficiently material and adverse to be actionable").

In addition, Hertz has not alleged sufficient facts that the action of filing a suit against IMI Fabi was casually connected to the protected activity of filing this lawsuit. A plaintiff "must present some evidence that her employer undertook the adverse employment action for the purpose of retaliation." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1320-21 (10th Cir. 1999). When the adverse action is not very closely connected in time to the protected conduct, "the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation." *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997).

The causation relied upon by Hertz is that following his prior lawsuit for discrimination, Luzenac was required to pay him a substantial judgment, attorney fees and costs. Hertz further asserts that "[s]oon thereafter, on February 3, 2006, Luzenac re-filed its complaints against IMI Fabi in West Virginia" and that Luzenac "learned that Hertz had agreed to indemnify IMI Fabi from any attorney fees or judgment obtained in litigation arising our of their consulting agreement." Even when viewed in the light most favorable to Hertz, this is insufficient as a matter of law to establish causation. The inference that Luzenac filed suit in West Virginia against IMI Fabi because Hertz might ultimately be liable for any judgment, or that the West Virginia suit was filed following the judgment in favor of Hertz in the prior lawsuit, is too attenuated to support a causal connection. This is particularly so in light of the fact that Hertz was unopposed to Luzenac's initial filing claims against IMI Fabi in this case. *See generally Semsroth v. City of Wichita,* 548 F.Supp.2d 1203 (D.Kan. 2008)*, aff'd* 555 F.3d 1882 (2009)(finding there was no connection between an employer's action and the filing of lawsuit).

Accordingly, I GRANT Luzenac's Re-Filed Motion To Dismiss Hertz's Retaliation Claim Based on Luzenac suing IMI Fabi [**Doc # 427**] and, as a result, I STRIKE Hertz's allegation in support of his retaliation claim– as first set forth in his Second Amended Complaint – that Luzenac retaliated against him "by suing IMI Fabi during the pendency of this lawsuit."

Dated: September  21 , 2010, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE